## 7448.  DUTTON v. ROBERTS.

1. Under the act establishing the municipal court of Atlanta (Acts 1913, p. 145, sec. 58), a constable of a militia district of Fulton county partly within and partly without the limits of the City of Atlanta, who executes or attempts to execute within the city limits of Atlanta a criminal warrant issued by a justice of the peace or a notary public and ex-officio justice of the peace of his district, shall be considered in contempt of the municipal court of Atlanta, and may be punished therefor by that court.

2. The municipal court of Atlanta did not err in overruling the demurrers to the contempt proceeding, or in adjudging the constable guilty of contempt.

DECIDED SEPTEMBER 21, 1916.

Certiorari; from Fulton superior court—Judge Bell.  March 23, 1916.

*Gober & Jackson,* for plaintiff in error.

*J. G. Roberts, Neufville & Neufville,* contra.

HODGES, J.  Dutton was a constable of a certain district of Fulton county, a part of which district is within the corporate limits of the City of Atlanta.  In this district one Owens was acting as notary public and ex-officio justice of the peace, and, as such, issued a warrant against M. E. Roberts for an offense, and turned the warrant over to the constable.  The defendant was not a resident of Atlanta, or of Fulton county, but resided in the town of Ball Ground, Cherokee county, Georgia.  Dutton went to Ball Ground, and, failing to find the defendant in Cherokee county, he returned to Fulton and there undertook to find the defendant within the corporate limits of Atlanta.  On his failure to arrest the defendant he prepared, at the suggestion of or by agreement with J. B. Roberts, a form of an appearance bond within the limits of Atlanta, and J. B. Roberts signed the defendant's name to the bond, and signed his own name as security.  Dutton accepted and approved the bond as prepared and offered, and the defendant recognized the validity of the bond by appearing and answering at the office of the magistrate.  At this stage the defendant brought his petition to the Chief Judge of the municipal court of Atlanta, Fulton section, who, by his order, cited said Owens, as notary public and ex-officio justice of the peace, and Dutton to show cause why they should not be adjudged in contempt of the municipal court of Atlanta.  The petition was brought against Owens and Dutton jointly.  Dutton filed separate demurrers, general and special, and also a separate answer, and, after amendment of

the petition, the demurrers were overruled, and Dutton, over his objection, was jointly accused and jointly tried with the magistrate in the municipal court of Atlanta. Upon being adjudged in contempt he carried his case to the superior court by certiorari, and, the certiorari being overruled, the case is now before this court.

The act establishing the municipal court of Atlanta provides, in section 58 thereof: "Any constable of any justice court of the State of Georgia, exercising or attempting to exercise jurisdiction within the limits of the City of Atlanta, as now or hereafter defined, on or after January 1, 1914, or serving or executing or attempting to serve or execute any suit, paper, process, or writ of any kind or character within said city limits of Atlanta, except as herein provided, shall be considered in contempt of the municipal court of Atlanta, and may be punished therefor as provided in cases of contempt," etc. See also sections 50, 52. The offense of which Roberts was accused was, if committed at all, committed within the territorial limits of Atlanta, and this constable violated the above recited section and was guilty of contempt. The intention of the law was to rid the people of certain cities of the practices of the constabulary, and this constable violated a constitutional law.               *Judgment affirmed.*